UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECA RODRIGUEZ,           Case No. : 6:06-cv-1678-Orl-29-DAB
    Plaintiff

vs.

FLORIDA FIRST FINANCIAL GROUP, INC.,

and

DOES I - IV,
    Defendant(s)        /
_____/

**PLAINTIFF'S FIRST AMENDED DECLARATION OF COUNSEL
IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT
(ATTORNEY'S FEES)**

I, DONALD E. PETERSEN, the undersigned, declare:

    1.  I am the attorney of record for the Plaintiff, REBECA RODRIGUEZ, in the above-captioned action.

    2.  I have personal knowledge of all things stated in this declaration except as to those things stated on information and belief, and as to those thing, I believe them to be true.  I could testify competently to these things if called to as a witness in court.

    3.   Prior to attending law school,  I received a Masters of Business Administration *with honors* from the Crummer School of Business at Rollins College with a concentration in finance. I received the Corporate Council Award for distinguished academic achievement.

    4.   In 1988, I graduated, *with honors*, from the Duke University School of Law where I

1

served as Project Editor on *Law & Contemporary Problems*.

5. I was admitted to practice in Florida in 1988 and was admitted to practice in the Middle District of Florida in 1989.

6. While an associate at a commercial law firm in Jacksonville, Florida, I identified targets, extensively investigated and formulated potential professional liability cases against directors & officers, investment bankers, commodity brokers, appraisers, and attorneys on behalf of the Federal Deposit Insurance Corporation ("FSLIC") and the Federal Deposit Insurance Corporation ("FDIC") and Resolution Trust Corporation ("RTC") as successors to the FSLIC. These investigations involved claims arising from futures trading, collateralized mortgage obligations, loan participations, direct loans, and violations of complex bank regulations (e.g., the "loans to one borrower" rule).

7. As a solo practitioner in Orlando, I represented the relators in *Francine M. Mettevelis and Rhea J. Rowan v. Charter Hospital of St. Louis, Inc., d/b/a "Charter Hospital of Orlando South, and Charter Behavioral Health Systems, Inc. (*Case No. 94-1170-CV-ORL-22; M.D. Fla)) which, after four years of litigation, lead to the recovery of $ 4,758,000.00 arising from false claims arising from fraudulent psychiatric "treatment" allegedly provided to hundreds of elderly "patients" at a local psychiatric care facility.   This *qui tam* action and a similar case in Oklahoma, successfully established the now widely accepted doctrine that the United States could recover under the False Claims Act based upon the provider's failure to provide an adequate quality of care.   I have authored articles and spoken to national, state and local audiences consisting of health care professionals and/or  attorneys concerning using the False Claims Act to punish, prevent and deter health care fraud.

8. I began practicing consumer finance law in 1998. I have been a member of the National Association of Consumer Advocates ("NACA") since 2001. I served on the Consumer Protection Law Committee of The Florida Bar from 2002 through 2008.

9. My practice consists almost entirely of representing consumers in disputes involving the Fair Debt Collections Practices Act ("FDCPA") (including litigation to combat the epidemic of collection actions filed in state court by debt collectors seeking to collect time barred consumer accounts) and the Fair Credit Reporting Act ("FCRA") (consisting primarily of cases involving emerging legal issues and novel fact patterns arising from debt collection and credit reporting violations arising from systemic attempts to collect consumer debts which were previously discharged in bankruptcy).

10. Forms that I have developed for defending consumers in collection actions are published in *Consumer Law Pleadings* published by the National Consumer Law Center ("NCLC") and also contributed forms to *La Coe's Pleadings Under the Florida Rules of Civil Procedure With Forms* by Norm La Coe published by Thomson Reuters/West.

11. Since 2001, I have received approximately 333 hours of continuing legal education courses in consumer law including approximately 70 hours specifically focusing on the Fair Debt Collections Practices Act ("FDCPA") and approximately 92 hours specifically focusing on the Fair Credit Reporting Act ("FCRA"). These estimates are exclusive of substantial additional courses concerning consumer bankruptcy and other subjects related to consumer finance law and litigation.

12. This action was served on January 18, 2007.

13. On October 7, 2008, the Court approved the Recommended Order directing the

clerk to enter a default against Defendant FLORIDA FIRST FINANCIAL GROUP, INC. (Docket No. 41).   The clerk entered a default in October, 2008.  (Docket No. 42).

14.   Defendant, FLORIDA FIRST FINANCIAL GROUP, INC. vigorously contested and actively (and passively) fought Plaintiff's efforts to conduct discovery in preparation for trial of this case and the previously filed companion case captioned HELEN MONTGOMERY v. FLORIDA FIRST FINANCIAL GROUP, INC.  (Case No. 6:06-cv-1639-Orl-31KRS. Defendant FLORIDA FIRST FINANCIAL GROUP, INC. answered plaintiff's complaint, filed affirmative defenses, filed a voluminous, almost incomprehensible  Motion to Stay (Arbitration), served extensive discovery (Requests to Produce and Interrogatories).    Defendant refused to comply with its discovery obligations including destroying relevant documents (telephone and banking records essential to identifying the individual perpetrators in this and other cases) and continuing to destroy relevant documents after the Montgomery Court compelled FLORIDA FIRST FINANCIAL GROUP to produce them thereby requiring plaintiff's counsel to conduct an especially thorough investigation concerning defendant from public records available at federal, state and local agencies as well as federal and state courts (in several counties).

15.   In the course of this representation, time was expended on, among other activities shown more thoroughly in the attached Exhibits,  the following matters : (1) investigation and drafting of complaint; (2) interviewing witnesses; (3) consultations and letters  about lawsuit; (4) analysis of documents; (5) responding to Defendant's discovery; (6)  drafting Plaintiff's discovery; (7) analyzing and successfully opposing to Defendant's Motion For Stay (Arbitration); (8) conducting extensive factual investigation concerning prior complaints against Defendant including obtaining documents from federal, state, and local consumer protection

agencies and federal and state courts; (9) researching the law concerning defendant's "independent agent" and bona fide error defenses and drafting Plaintiff's Motion for Summary Judgment concerning these defenses (also rendered moot before the Court ruled); (10) researching the law in support of Plaintiff's Motion For Default; and (11) drafting Plaintiff's Motion For Default (including Declarations attached thereto).

16. Defendant zealously fought this action. For example, Defendant denied even obvious facts in its Answer to Plaintiff's Complaint (e.g., Defendant denied that it was a "debt collector" within the meaning of the federal or state consumer collection practices acts.) Plaintiff also incurred substantial fees at almost every stage of this case because, among other things, Defendant's counsel would not respond to Plaintiff's efforts to confer or would confer only after Plaintiff's counsel wrote extensive letters and/or repeated letters. Defendant's "strategy" required Plaintiff to send defendant many detailed letters which otherwise may not have been required. Defendant's refusal to comply with the discovery and, subsequently, the Montgomery Court's Order Granting Plaintiff's Motion to Compel, including the destruction of records, and improper, untimely objections also caused Plaintiff to incur substantial fees arising from Defendant's abuse of the discovery process.

17. I have attached copies of the updated time records (partially redacted for privileged information) herein attached as Exhibits "A" (concerning the time expended solely on REBECA RODRIGUEZ's behalf) and "B" as to the time which was expended jointly on behalf of HELEN MONTGOMERY and REBECA RODRIGUEZ jointly respectively.

18. I request $ 38,363.50 as attorney's fees to date on behalf of Rebeca Rodriguez (109.61 hours at $ 350/hour). I also request $ 475.75 in expenses.

19.  I reasonably expended 85.05 hours in the *Rebeca Rodriguez v. Florida First Financial Group, Inc.* case ($ 29,767.50) and $ 475.75 in expenses in this case.  (These entries are shown in Exhibit "A").

20.  I also served as counsel of record for Helen Montgomery *in Helen Montgomery v. Florida First Financial Group, Inc.* (Case No. 6:06-cv-1639-Orl-31KRS).   I have identified 49.11 hours of attorney time which was reasonably  expended *jointly* on the Montgomery and Rodriguez matters and am seeking *one - half* of this amount (i.e., 24.56 hours or $ 8,596.00) in this case which I did *not* seek as compensation in the Montgomery case.   (These time entries are shown in Exhibit "B").

21.  I am requesting attorney's fees at my ordinary and customary rate of $ 350 per hour. I believe this rate is reasonable and reflects the current market rate in the community of my peers for federal litigation.

22.  This hourly rate (i.e., $ 350.00 per hour) is my ordinary and customary rate.

23.  This rate (i.e., $ 350 / hour) was awarded in *Commonwealth Financial Systems v. Michael Ellis* (and vice versa), Lake County Circuit Court (Case No. : 07-CA-000055) (J. Singletary) and also in  *Unifund CCR Partners v. Merle Skinner* (and vice versa), County Court, Lake County Florida (Case No.: 06-CC-0887) (J. Neal).   The District Court also awarded this rate (i.e., $ 350 per hour) in *Montgomery v. Florida First Financial Group, Inc*. in its Order Granting  Plaintiff's Motion To Compel Discovery (Docket No. 26) and in the Default Judgment (Docket Nos. 58 and 59).

24.    Local consumer attorneys charge rates ranging from $ 300 to $ 400 per hour for state court matters.  Attorney Ian Forsythe (who has thirteen years of experience primarily in

6

automobile fraud cases) charges $ 300 per hour for consumer matters.  Attorney Leonard Cabral (who has approximately eleven years of experience and represents consumers in debt collection defense and landlord tenant matters) charges $ 300 per hour.  Attorney Steven Fahlgren (who has approximately fourteen  years of experience and whose practice includes but is not limited to representing consumers in a general consumer practice) charges $ 325 per hour.  Attorney  James Gordon "Jimmy" Blau (who was admitted to The Florida Bar in 1978 and represents consumers and dealers  in auto fraud  matters primarily  in state court and arbitration proceedings) charges $ 400 per hour.

25.   The United States Bankruptcy Court for the Orlando Division of the Middle District of Florida routinely grants debtor's attorneys with similar (or even less)  experience hourly rates ranging between $ 350 to $ 400 per hour in litigation to enforce  the automatic stay and/or the discharge provisions of the bankruptcy code.

26.  An itemization of the costs incurred and sought is included on page 5 of Exhibit "A".

I verify under the penalty of perjury that the foregoing is true and correct.


Dated : JANUARY 19, 2009

        /s/ Donald E. Petersen_____
DONALD E. PETERSEN

Law Offices of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice :      (407) 648 - 9050
Facsimile :   N/A
F.B.N.    :  0776238
ECF Only : dep.ecf@cfl.rr.com

## **CERTIFICATE OF SERVICE**

I, DONALD E. PETERSEN, hereby certify that a copy of the foregoing document was filed with the Court via CM/ECF on JANUARY 19, 2009, and that the Court's CM/ECF system identifies the following counsel :

Frederick W. Vollrath, Esq.

and

Tim Condon, Esq.

as recipients of all documents electronically filed in this case.

/s/ Donald E. Petersen_____
Donald E. Petersen